## SANFORD *vs.* THE CHICAGO & LAKE SHORE RAILROAD COMPANY.

Where a jury is called to determine the necessity for taking lands for a railroad, and to fix and determine the compensation therefor the verdict must be unanimous in favor of the petition, or no rights in such lands can be acquired thereunder.

Requisites of petition for condemation of lands for railroads, considered.

Where the lands sought to be appropriated consist of a strip running through several distinct parcels, the finding of the jury should indicate the damages to each separate and distinct parcel.

Appeal from Berrien Circuit.

*Opinion by* CAMPBELL, C J.—The proceedings appealed from were taken under the General Railroad Law to condemn certain lands for a right of way. The appellant demanded a jury, and the verdict was rendered and signed by eight out of twelve. The clause in the constitution under which the jury was demanded declares that when, except to be made by the State, the compensation to be made when property is taken, shall be ascertained by a jury of twelve freeholders residing in the vicinity of said property, or by not less than three commissioners appointed by a court of record as shall be prescribed by law. The section of the law referring to the powers of commissioners seems to contemplate that a majority of them may determine the compensation. It also declares that the jury shall proceed to determine the necessity of taking and the compensation in the same manner and with like effect as is provided in this section in the case of commissioners, but they shall all be present and act together during the proceedings. It is claimed that if the jury are all present and acting, the analogy to the functions of commissioners renders the verdict of a jury valid.

*Held,* That no change had been made in the requisite of an unanimous verdict. Juries of inquest were well known to the common law, and unlike petit juries they might consist of 12 men, or sometimes of more, but their verdicts were always required to be

unanimous. It is doubtful whether it was ever supposed that a verdict of jurymen in any proceeding would be valid if not unanimous. Under our whole 'system of railroad charters, previous to our present Constitution, the juries selected to fix damages have been styled juries of inquest. They were neither called nor treated as mere appraisers. Our Constitution now requires 12 freeholders, and its provisions are more stringent than in New York. It will not permit the jury, so specifically provided for, to be changed into a mere board of appraisers or to be treated as anything but a jury of inquest. The verdict in this case was therefore a nullity.

The petition was objected to as insufficient, because instead of declaring it to be the intention of the company in good faith to construct and finish a railroad from and to the place named in its articles of association, it avers such an intention only between certain points which are named, including thereby Division 2 of the projected road. The section under which the petition was filed expressly requires the former averment. But under an amendatory statute of 1867 companies were, under certain circumstances, authorized to designate a division of not less than 15 consecutive miles or construction, with full power and authority to construct, operate and maintain a railroad upon the division thus designated. The Court hold that when the company has complied with the statute and designated such a division, under circumstances authorizing it an intention confined by terms to that part of the road would be sufficient, and the provisions of the section prescribing the contents of the petition may be modified according to the amendatory a ct, inasmuch as under the latter no forfeiture arises from a failure to build other parts of the road. But the petition must thus be one thing or the other, and if it does not contain a compliance with the original section, it should aver such facts as to bring it within the amendment. It does not appear that there was any authority for setting apart Division No. 2, nor that it is a division of not less than 15 consecutive miles, all of which should be made to appear in some way.

It was also objected that the lands proposed to be taken were not specifically described as they should be, but are set forth as two continuous sections, not showing in which portions the various persons described as the owners are interested. This objection was

considered with another that grew out of it; that the damages are not apportioned, but the value of the entire land taken is given in one sum of $2,000. It was held that the description should have gone more into detail than it has in this case. Here it contains little more than a general description of the central line of the road and of the location of the way by reference to it, giving no information as to how smaller parcels may be affected although streets are evidently crossed and a village is entered. By the statute, the fact of inability to acquire title amicably is made a jurisdictional fact and might be controverted.

A verdict giving a round sum as damages for a continuous strip of land crossing several parcels, does not accomplish anything whatever concerning the rights of the several owners. The land may be different in quality and value; parts may be improved and parts unimproved; small lots may be ruined and larger ones may be damaged but a trifle. Each party interested is entitled to have a finding upon his own damages and the compensation to be made for it.

It is evidently expected under the statute, that when any person demands a jury, they will be able from the petition itself to understand what property is to be the subject of their investigation and what necessity is claimed to exist for taking it. The necessity is not the same in all cases. The petition in this case undertook to follow the language of the statute so literally as to prevent the several interests from appearing with any degree of certainty. And the result was that the verdict following the same ambiguous course, has made no finding at all on the rights of the party appealing.

The whole proceedings, so far as they concern the appellant, are quashed, and if the company desire to obtain a condemnation of his lands they must commence new ones. He is entitled to all the costs.